%JS 44  (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** ORIGINAL

Recursion Software, Inc.

**DEFENDANTS**

General Motors Corporation d/b/a GM OnStar

(b)  County of Residence of First Listed Plaintiff    Collin County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Detroit, Michigan
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

3-02CV 0736 L

(c)  Attorney's (Firm Name, Address, and Telephone Number)
David H Harper
Haynes and Boone, L.L.P.
901 Main Street, Suite 3100
Dallas, TX 75202-3789
(214) 651-5247

Attorneys (If Known)

Not Known

APR 10

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

☐ 1  U.S Government Plaintiff

X 3  Federal Question
      (U. S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | X 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 820 Copyrights | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ |
| (Excl Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| | | | & Disclosure Act | | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | | Determination Under Equal |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff | Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl Ret Inc | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | ☐ 871 IRS—Third Party | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

X 1  Original Proceeding   ☐ 2  Removed from State Court   ☐ 3  Remanded from Appellate Court   ☐ 4  Reinstated or Reopened   ☐ 5  Transferred from another district (specify)   ☐ 6  Multidistrict Litigation   ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S Civil Statute under which you are filing and write brief statement of cause
Do not cite jurisdictional statutes unless diversity )

17 U S C § 101, et seq
Plaintiff is suing for Defendant's unauthorized copying of its copyrighted software in its OnStar system pursuant to claims for copyright infringement, breach of license agreement and unjust enrichment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F R.C P. 23

DEMAND $ 12,992,000 00

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY     (See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE  4/10/02

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 1   2002

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| RECURSION SOFTWARE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| GENERAL MOTORS CORPORATION | § | _____ |
| d/b/a GM ONSTAR, | § | |
| | § | 3-02CV  0786 |
| | § | |
| Defendant. | § | |

## PLAINTIFF RECURSION SOFTWARE, INC.'S
## ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Recursion Software, Inc. ("Recursion") complains of Defendant General Motors

Corporation d/b/a GM OnStar ("GM OnStar" or "Defendant") as follows:

## I.

## PARTIES

1.      Plaintiff Recursion Software, Inc. is a corporation duly organized and existing

under the laws of the State of Texas with its principal place of business in Texas. For all purposes

in this lawsuit, Recursion is the successor-in-interest to ObjectSpace, Inc.

2.      Defendant General Motors Corporation is a corporation duly organized and

existing under the laws of the State of Delaware with its principal place of business at 300

Renaissance Center, Detroit, Michigan 48265-3000. Pursuant to FED. R. CIV. PROC. 4(h)(1),

General Motors may be served with process by serving its registered agent in Texas. CT

Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## II.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action because Count One

arises out of the Copyright Laws of the United States.  This Court also has subject matter

jurisdiction over this action because the Plaintiff and Defendant are citizens of different States and

the amount in controversy exceeds $75,000, exclusive of interest and costs.  Jurisdiction in this

Court is founded upon 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

4.      This Court has general personal jurisdiction over GM OnStar based on its

extensive contacts with Texas and specific personal jurisdiction over GM OnStar based upon its

contacts with Recursion in Texas related to the subject matter of this action.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are

deemed to reside in this judicial district and because a substantial part of the events giving rise to

the claims alleged in this Complaint occurred in this judicial district.  For all relevant purposes in

this case, Recursion is the successor-in-interest to ObjectSpace, Inc. ("ObjectSpace") which had

its principal place of business in Dallas, Dallas County, Texas and conducted business with and

entered into the contract at issue with GM OnStar in Dallas, Texas.

## III.

## FACTUAL BACKGROUND

### *Background of Recursion Software, Inc.*

6.      Recursion is the successor-in-interest to ObjectSpace, Inc. ("ObjectSpace") for all

purposes in this lawsuit.  Recursion has acquired the intellectual property rights and licensing and

contractual rights to certain software formerly owned by ObjectSpace known as Voyager®, an

award-winning product line that simplifies and unifies the most common industry standards and is

used by hundreds of companies worldwide to quickly build high-impact distributed systems. The

Voyager® product family includes the Voyager Application Server, Voyager ORB Professional,

and Voyager Value Extensions. The Voyager® software is collectively referred to as the

"Copyrighted Software."

7.      Due to the valuable nature of the Copyrighted Software, ObjectSpace invested

considerable resources in protecting it through federally registered copyrights. Voyager® is

protected through Copyright Registration No. TXu 787-970. A true and correct copy of the

1997 Copyright Registration is attached to this Complaint as Exhibit A.

8.      Recursion is the sole owner of all rights, title and interest in the Copyrighted

Software.

### Background of Defendant General Motors Corporation/OnStar

9.      Defendant General Motors Corporation is a global automobile manufacturer.

General Motors also conducts business as GM OnStar, a division of General Motors that

specializes in in-vehicle communication services.

10.      GM OnStar entered into a software license agreement with ObjectSpace in 1999

(the "License Agreement") for a license to the Copyrighted Software. Pursuant to the License

Agreement, GM OnStar received a "Site License" to the Voyager Application Server, which

provided it with a nonexclusive, nontransferable license to use the Copyrighted Software only at

GM OnStar's site at 1400 Stepheson Highway, Troy, Michigan (the "Authorized Site").

11.      Also pursuant to the License Agreement, GM OnStar agreed to purchase three

years of software maintenance for the Copyrighted Software at $350,000.00 per year.

12.     On information and belief, GM OnStar has copied, installed, used, executed and/or displayed the object code version of the Copyrighted Software at three sites other than the Authorized Site in Troy, Michigan. Specifically, on information and belief, GM OnStar has copied, installed, used, executed and/or displayed the Voyager® Application Server (and other Voyager software) in Charlotte, North Carolina (University Research Park location), Sunnyvale, California (General Magic, Inc. location), and Raleigh, North Carolina (IBM location) (collectively the "Unauthorized Sites").

13.     GM OnStar has profited from the unauthorized copying, use and distribution of, or by facilitating and contributing to the unauthorized copying, use and distribution of, the Copyrighted Software.

## IV.

## CAUSES OF ACTION

### *Count One: Copyright Infringement*

14.     Recursion refers to and incorporates by reference the factual allegations set forth above and the factual allegations in other Counts of the Complaint.

15.     Recursion is the owner of the Copyrighted Software, which was published in the United States with proper copyright notices and is entitled to the protection of federal copyright law.

16.     GM OnStar has systematically copied, distributed and used the Copyrighted Software, or has facilitated the unauthorized copying, distribution and use of the Copyrighted Software, at the Unauthorized Sites without Recursion's authority or consent. As such, GM OnStar has violated Recursion's exclusive rights in the Copyrighted Software as provided by the

Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.* for at least years 2000, 2001 and 2002.

17.     Upon information and belief, GM OnStar has acted willfully, intentionally, purposefully, and in disregard of and with indifference to Recursion's rights.

18.     As a direct and proximate result of GM OnStar's infringement of Recursion's copyrights and exclusive rights under copyright, Recursion is entitled to its actual damages as well as to the Defendant's profits for each act of infringement, pursuant to 17 U.S.C. § 504(b), in an amount within the jurisdictional limits of this Court, but in no event less than $12,992,000. The cost of the original license for one site was $3,164,000. Three years of maintenance for each site is $1,050,000. In addition, GM OnStar has not paid the last year of required maintenance for the Authorized Site. These amounts total $12,992,000.

19.     Alternatively, Recursion is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $100,000 with respect to each act of infringement, or such other amounts as the Court may deem proper under 17 U.S.C. § 504(c). Further, Recursion is entitled to additional relief for GM OnStar's willful infringement.

20.     Recursion is also entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## *Count Two: Breach of Contract*

21.     Recursion refers to and incorporates by reference the factual allegations set forth above and the factual allegations in other Counts of the Complaint.

22.     GM OnStar entered into the License Agreement on or about June 30, 1999.

23.     Under the express terms of the License Agreement, GM OnStar agreed that it was authorized to use the Copyrighted Software only at the Authorized Site, pursuant to the Site License specified in the License Agreement and in the parties' purchase orders and invoices.

24.     GM OnStar further agreed to purchase maintenance for the Copyrighted Software for the years 1999, 2000, and 2001.

25.     GM OnStar breached the License Agreement by copying, installing, distributing and/or using the Copyrighted Software at the Unauthorized Sites without Recursion's authority or consent.

26.     Further, GM OnStar breached its contract with Recursion by failing to pay to Recursion the amounts due and owing for the annual maintenance fees on the Copyrighted Software.

27.     All conditions precedent for Recursion to recover pursuant to the License Agreement have occurred or been fulfilled, including demand and presentment.

28.     As a direct and proximate result of GM OnStar's breach of its contractual obligations, Recursion has been damaged in an amount that is within the jurisdictional limits of this Court, but in no event less than $12,992,000.

29.     Recursion is also entitled to its attorneys' fees and costs pursuant to Chapter 38.001 *et seq.* of the Texas Civil Practice and Remedies Code.

### *Count Three: Unjust Enrichment*

30.     Recursion refers to and incorporates by reference the factual allegations set forth above and the factual allegations in other Counts of the Complaint.

31.    GM OnStar received, used and obtained the benefits of the Copyrighted Software without paying the full price for such software.

32.    GM OnStar has unjustly retained the Copyrighted Software, and the profits generated from its unauthorized use, against the fundamental principles of justice, equity and good conscience.

33.    Recursion has been damaged by Defendant's copying and use of the Copyrighted Software, and by the unjust and inequitable retention of the Copyrighted Software and the profits gained therefrom.  Recursion hereby sues under the theory of unjust enrichment and under all similar equitable theories.

34.    Recursion is entitled to the payment of the full price of the license fees for the Copyrighted Software and to all of Defendant's profits from its unauthorized use of the Copyrighted Software in an amount within the jurisdictional limits of this Court, but in no event less than $12,992,000.

## V.

## JURY DEMAND

Recursion hereby demands a trial by jury of all issues alleged in this Complaint.

## VI.

## **PRAYER**

WHEREFORE, Plaintiff Recursion Software, Inc. prays for the following relief:

1.      Defendant General Motors Corporation be ordered to account for and to pay to Recursion all profits derived by reason of GM OnStar's acts alleged in this Complaint;

2.      Defendant General Motors Corporation be ordered to pay to Recursion all actual damages sustained by it, including, without limitation, the loss of license fees and the loss of sales and profits that it would have made but for Defendant's acts; or in the alternative, statutory damages under 17 U.S.C. § 504(c) of $100,000 per copyrighted work infringed by Defendant;

3.      A constructive trust be placed upon Defendant General Motors Corporation's profits gained through the unauthorized use of Recursion's Copyrighted Software;

4.      A permanent injunction be entered restraining GM OnStar from any further unauthorized copying, use or distribution of the Copyrighted Software;

5.      Recursion be awarded its costs of suit, including reasonable and necessary attorneys' fees and expenses for prosecution and appeal, if any, of this matter;

6.      Recursion be awarded prejudgment and post-judgment interest at the highest legal rate on all sums awarded in the Court's judgment; and

7.      Recursion be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

David H. Harper
State Bar No. 09025540
Peter D. Marketos
State Bar No. 24013101

HAYNES AND BOONE, L.L.P.
901 Main Street, Suite 3100
Dallas, Texas  75202-3789
Telephone:     (214) 651-5000
Telecopier:     (214) 651-5940

ATTORNEYS FOR PLAINTIFF RECURSION
SOFTWARE, INC.